UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 MAY 27 AM 11:58

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Alejandro ALFARO-Vasquez,**<br><br>Defendant | Magistrate Docket No.<br><br>**'08 MJ 1 6 6 0**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **May 25, 2008** within the Southern District of California, defendant, **Alejandro ALFARO-Vasquez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **27th** DAY OF **MAY 2008**

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Alejandro ALFARO-Vasquez

## PROBABLE CAUSE STATEMENT

On May 25, 2008, Border Patrol Agent Ioannidis was working assigned line-watch duties in the Imperial Beach area of operations at an area known as "The Sludge Gates." "The Sludge Gates" are located on the primary fence, approximately two miles west of the San Ysidro Port of Entry and directly on the United States/Mexico international border. Throughout the day, Agent Moore and Agent Ioannidis witnessed an individual wearing a Chicago Cubs hat illegally crossing over the primary fence and attempting to destroy, dismantle, and/or steal the contents of the electric fuse box that controls the opening and closing of "The Sludge Gates." Each time either Agent Moore or Agent Ioannidis would respond to the scene, said individual would evade apprehension by re-entering Mexico. At approximately 7:30 P.M., Agent Ioannidis was approached by a Veolia Environmental Services employee (who operate the "The Sludge Gates") and informed that the said individual, wearing the Chicago Cubs hat, was one of the persons who had previously attempted to destroy, dismantle, and/or steal the electric fuse box for its' internal copper wiring.

At approximately 9:15 P.M., Agent Moore advised via service radio, of the illegal entrance of the same individual (wearing the Chicago Cubs hat) at "The Sludge Gates." Concurrently responding to the scene, Agent Moore and Agent Ioannidis observed the individual, later identified as the defendant **Alejandro ALFARO-Vasquez**, standing just north of "The Sludge Gates" at the same electric fuse box. Said individual was the same individual who Agent Moore and Agent Ioannidis had witnessed illegally crossing the United States/Mexico international border repeatedly throughout the day and attempting to destroy, dismantle and/or steal the contents of the said electric fuse box.

After identifying himself as a United States Border Patrol Agent, Agent Ioannidis conducted an immigration inspection on the defendant.

Upon being questioned as to his citizenship and immigration status, the defendant admitted to being a citizen and national of Mexico not in possession of any immigration documents that would allow him to enter or remain in the United States legally. At approximately 9:20 P.M., the defendant was arrested for illegal entry into the United States and transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on March 26, 2008** through **San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Warnings and was willing to make a statement without an attorney present. He stated that he illegally crossed the U.S. / Mexico International Border without proper documentation to be in the United States legally.

**CONTINUATION OF COMPLAINT:**
Alejandro ALFARO-Vasquez

Executed on May 26, 2008 at 9:30 a.m..

Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 25, 2008**, in violation of Title **8**, United States Code, Section 1326.

Jan M. Adler
United States Magistrate Judge

5/26/08 @ 10:28 a.m.
Date/Time